17-2952-cv
Lombardo v. Dr. Seuss Enterprises L.P.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of July, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             PETER W. HALL,
                     *Circuit Judges*.
_____

MATTHEW LOMBARDO, WHO'S HOLIDAY LIMITED
LIABILITY COMPANY,

                     *Plaintiffs-Counter-Defendants-Appellees*,

             v.                                              17-2952-cv

DR. SEUSS ENTERPRISES, L.P.,

                     *Defendant-Counter-Claimant-Appellant*.
_____

Appearing for Appellant:     Andrew L. Deutsch, DLA Piper LLP (US) (Tamar Y. Duvdevani, *on the brief*), Los Angeles, CA.

Appearing for Appellees:     Jordan Greenberger, Brooklyn, N.Y.

Appearing for Amicus
Curiae Dramatist Legal
Defense Fund
 *for Appellees*:            David H. Faux, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Dr. Seuss Enterprises, L.P. ("DSE") appeals from the September 15, 2017 judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*) granting plaintiffs Matthew Lombardo and Who's Holiday Limited Liability Company (collectively, "Lombardo") a declaratory judgment that the play, *Who's Holiday!* (the "Play"), did not infringe on DSE's copyright and trademark interests in *How the Grinch Stole Christmas*. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Copyright Act sets forth four non-exclusive factors to consider in "determining whether the use made of a work in any particular case is a fair use:"

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. While the factors are to be considered individually, in determining if a work is fair use the factors are "weighed together, in light of the purposes of copyright." *Campbell v. Acuff–Rose Music, Inc*., 510 U.S. 569, 578 (1994).

"The first factor in a fair use enquiry is the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes." *Campbell*, 510 U.S. at 578 (internal quotation marks omitted). "The central purpose of this investigation is to see . . . whether the new work merely supersedes the objects of the original creation, or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message; it asks, in other words, whether and to what extent the new work is transformative." *Id.* at 579 (internal quotation marks, citation, and brackets omitted).

A "parody has an obvious claim to transformative value," as "it can provide social benefit, by shedding light on an earlier work, and, in the process, creating a new one." *Campbell*, 510 U.S. at 579. Here, the district court correctly determined that the Play is a parody, imitating the style of the *Grinch* for comedic effect and to mock the naïve, happy world of the Whos. The first factor weighs in Lombardo's favor.

The second "factor calls for recognition that some works are closer to the core of intended copyright protection than others, with the consequence that fair use is more difficult to establish when the former works are copied." *Campbell*, 510 U.S. at 586. The second factor is rarely useful "in separating the fair use sheep from the infringing goats in a parody case, since parodies almost invariably copy publicly known, expressive works." *Id.* The district court thus properly accorded this factor little weight. The third factor looks to the amount and substance used of the original work. "Here, attention turns to the persuasiveness of a parodist's justification for the particular copying done, and the enquiry will harken back to the first of the statutory factors, for, as in prior cases, we recognize that the extent of permissible copying varies with the purpose and character of the use." *Id.* at 586-87. In determining how the third factor is weighed, the Supreme Court cautions that:

> Parody presents a difficult case. Parody's humor, or in any event its comment, necessarily springs from recognizable allusion to its object through distorted imitation. Its art lies in the tension between a known original and its parodic twin. When parody takes aim at a particular original work, the parody must be able to conjure up at least enough of that original to make the object of its critical wit recognizable. What makes for this recognition is quotation of the original's most distinctive or memorable features, which the parodist can be sure the audience will know. Once enough has been taken to assure identification, how much more is reasonable will depend, say, on the extent to which the [work's] overriding purpose and character is to parody the original or, in contrast, the likelihood that the parody may serve as a market substitute for the original. But using some characteristic features cannot be avoided.

*Id.* at 588 (internal quotation marks and citation omitted). Here, the Play's use of material from the *Grinch* weighs in favor of finding fair use. While the Play does use the *Grinch's* characters, setting, plot, and style, it is in service of the parody. The Play does not copy verbatim or quote from the original book, and while it does recount the plot, it does so to invoke the original. Thus, the district court properly weighed this factor in Lombardo's favor.

The fourth factor considers "the effect of the use upon the potential market for or value of the copyrighted work," 17 U.S.C. § 107(4), and "[t]he enquiry must take account not only of harm to the original but also of harm to the market for derivative works." *Campbell*, 510 U.S. at 590 (internal quotation marks and citation omitted). We agree with the district court's analysis that there is little likelihood of harm to either market here. As the district court correctly concluded, each factor weighs in Lombardo's favor, such that the Play is fair use of the *Grinch*.

Finally, the district court properly granted judgment on the pleadings on the trademark counterclaims. Applying the balancing test set forth in *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989) (Lanham Act "should be construed to apply to artistic works only where the public interest in avoiding consumer confusion outweighs the public interest in free expression"),

3

it concluded that the public's interest in free speech here outweighs DSE's interest in protecting its trademarks. We agree. "A parody must convey two simultaneous—and contradictory— messages: that it is the original, but also that it is *not* the original and is instead a parody." *Cliffs Notes, Inc. v. Bantam Doubleday Dell Publ'g Grp., Inc*., 886 F.2d 490, 494 (2d Cir. 1989), and, in this case, Lombardo evokes elements of the original work to serve his parodic purpose.

      We have considered the remainder of DSE's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4